UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SANDRA D.,

                Plaintiff,

v.                                        5:21-CV-1072 (ML)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                               OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC    JUSTIN M. GOLDSTEIN, ESQ.
  Counsel for the Plaintiff
6000 North Bailey Avenue - Suite 1A
Amherst, New York 14226

SOCIAL SECURITY ADMINISTRATION         FERGUS J. KAISER, ESQ.
  Counsel for the Defendant                        Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

# **ORDER**

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on March 7, 2023, during a telephone conference conducted on

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 13) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 9, 2023
       Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
S.D.
vs.                   5:21-cv-1072

COMMISSIONER OF SOCIAL SECURITY



_____



                    Decision and Order

                      March 7, 2023

                  Via Teams remote platform



        The HONORABLE MIROSLAV LOVRIC Presiding.




                  A P P E A R A N C E S


For Plaintiff:    JUSTIN GOLDSTEIN, ESQ.

For Defendant:    FERGUS KAISER, ESQ.



                  Ruth I. Lynch, RPR, RMR, NYSRCR
                  Official United States Court Reporter
                    Binghamton, New York  13901
```

1           THE COURT:  All right.  Well, the Court is going
2    to begin its decision along with the analysis and reasoning
3    as follows.
4           So the Court begins by indicating that Plaintiff
5    in this case commenced this proceeding pursuant to
6    Title 42 U.S. Code 405(g) to challenge the adverse
7    determination by the Commissioner of Social Security finding
8    that she was not disabled at the relevant times and
9    therefore ineligible for the benefits that she sought.
10          By way of background, the Court notes as follows:
11   Plaintiff was born in 1958.  She was 52 years old during the
12   relevant period between the amended alleged onset date of
13   her disability, February 18 of 2011, and the date last
14   insured of March 31 of 2011.  Plaintiff stands approximately
15   five feet one inch in height and weighs approximately 262
16   pounds.
17          Plaintiff left high school in the 10th grade but
18   subsequently obtained her GED.  Her work history included a
19   supervisor position at a fast food restaurant, an inspector
20   position at an apple farm, and a packer position at a
21   manufacturing facility.
22          Procedurally, the Court notes the following in
23   this case.  Plaintiff applied for Title II benefits on
24   December 29, 2016, alleging an onset date of February 1 of
25   2006.  She subsequently amended this alleged onset date to

February 18 of 2011.

In support of her claim for disability benefits, Plaintiff claims disability based on a number of impairments including back pain, arthritis, anxiety, depression, and chronic migraines.

Administrative Law Judge Robyn L. Hoffman conducted a hearing on October 18, 2018, to address Plaintiff's application for benefits.  ALJ Hoffman issued an unfavorable decision on November 8 of 2018.  That decision became the final determination of the Agency on July 29 of 2019, when the Appeals Council denied Plaintiff's request for review.  Plaintiff appealed to the U.S. District Court for the Western District of New York, before Chief District Judge Frank P. Geraci, where the parties agreed on May 18 of 2020 by stipulation that the decision of the Appeals Council be vacated and remanded.

On June 14, 2020, the Appeals Council remanded for further proceedings consistent with that court order.  In particular, the Appeals Council directed the ALJ to evaluate the functional limitations imposed by Plaintiff's obesity, musculoskeletal problems, and respiratory issues during the relevant period.  ALJ Hoffman conducted a new telephonic hearing on December 9 of 2020.  Following the hearing, ALJ Hoffman held the record open for further development and sought interrogatory responses from an independent medical

1  expert, that being Dr. Jerilynn Campbell, regarding
2  Plaintiff's physical functional limitations.  Dr. Campbell
3  provided her written responses on January 4 of 2021.
4  Plaintiff, through her nonattorney representative, requested
5  a supplemental hearing in order to cross-examine
6  Dr. Campbell regarding her interrogatory responses.
7  Dr. Campbell advised the agency that she was unavailable,
8  that being not available, to testify but was available to
9  respond to interrogatories.  Plaintiff's representative
10 declined the opportunity to provide interrogatories and
11 requested that the ALJ subpoena Dr. Campbell's testimony or
12 strike her interrogatory responses from the record.
13 ALJ Hoffman refused both of those requests.
14         ALJ Hoffman held a supplemental telephonic hearing
15 on May 19, 2021, to hear testimony from a different
16 independent medical expert, and that being Dr. Nitan Paul
17 Dhiman, whose review of the medical record in this case
18 included Dr. Campbell's interrogatory responses.  During the
19 course of questioning, Dr. Dhiman, the ALJ -- that is
20 ALJ Hoffman -- during -- let me start that over.  During the
21 course of questioning Dr. Dhiman, ALJ Hoffman repeatedly
22 referenced the substance of Dr. Campbell's interrogatory
23 responses over the objection of Plaintiff's representative.
24 ALJ Hoffman issued a new unfavorable decision on June 18,
25 2021.  That decision became the final determination of the

1  Agency 60 days after it was issued.
2          This action was commenced on September 29, 2021,
3  and it is timely.
4          In her June 18, 2021, decision, ALJ Hoffman first
5  determined that Plaintiff met the insured status
6  requirements of the Social Security Act through March 31 of
7  2011, and then the ALJ applied the familiar five-step test
8  for determining disability.
9          At step one, the ALJ concluded that Plaintiff had
10 not engaged in substantial gainful activity from her alleged
11 onset date of February 18, 2011, through the date last
12 insured.
13         At step two, ALJ Hoffman concluded that Plaintiff
14 had the following severe impairments through the date last
15 insured.  And those impairments being osteoarthritis, morbid
16 obesity, chronic migraine headaches, and degenerative disc
17 disease of the spine.  The ALJ also concluded that plaintiff
18 did not have a medically determinable mental impairment or
19 combination of impairments prior to the date last insured.
20         At step three, ALJ Hoffman concluded that, through
21 the date last insured, Plaintiff did not have an impairment
22 or combination of impairments that met or medically equalled
23 the severity of one of the listed impairments in
24 20 CFR Sections 404.1520(d), also 404.1525, and 404.1526,
25 and focusing on listing 1.15 that deals with spinal

1    disorders, listing 1.16 that deals with lumbar spinal
2    stenosis, listing 1.18 deals with joint abnormality, and
3    listing 11.02 dealing with epilepsy.
4           Next, the ALJ determined that through the date
5    last insured, Plaintiff had the residual functional capacity
6    to perform less than the full range of light work.
7    Specifically, the ALJ found Plaintiff could occasionally
8    lift and carry 20 pounds; frequently lift and carry 10
9    pounds; sit for 6 hours and stand or walk for 6 hours over
10   the course of an 8-hour workday with normal breaks;
11   frequently reach in any direction and frequently operate
12   foot controls.  The ALJ found that Plaintiff could perform
13   occasional kneeling, crouching, and crawling, and could
14   frequently climb ramps or stairs.  The ALJ found that
15   Plaintiff should avoid working at unprotected heights;
16   climbing ladders, ropes, or scaffolds; and also avoid
17   working in close proximity to dangerous machinery or moving
18   mechanical parts.  The ALJ also concluded the plaintiff
19   should also avoid exposure to accessive amounts of
20   respiratory irritants and extreme temperatures and should
21   not work in environments with more than moderate noise.
22          In reaching the RFC determination, ALJ Hoffman
23   assigned great weight to Dr. Dhiman's testimonial opinion;
24   also the ALJ assigned some weight to the opinion of the
25   state agency consulting psychologist Dr. S. Bhutwala; and

the ALJ assigned no weight to Dr. Campbell's opinion.  The ALJ also assigned no weight to the opinion of Nurse Practitioner Lisa J. Pappa, whose treatment relationship with Plaintiff began in December 2017 and whose opinion did not address the relevant period.

At step four, the ALJ relied on the vocational expert testimony to determine that Plaintiff was unable, that being not able, to perform any past relevant work.  Again relying on the vocational expert testimony, the ALJ found that considering Plaintiff's age, education, work experience, and residual functional capacity through the date last insured that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.  More specifically, the vocational expert testified that Plaintiff could have performed the requirements of representative occupations such as storage facility rental clerk, marker, and router.  Accordingly, the ALJ found that Plaintiff was not disabled from the alleged onset date through the last date insured.

I turn next to Plaintiff's arguments on appeal.  Now, I start by indicating that, as the parties know, this court's functional role in this case is limited and extremely deferential.  I must determine whether correct legal principles were applied and whether the determination is supported by substantial evidence, defined as such

relevant evidence as a reasonable mind would find sufficient to support a conclusion.  As the Second Circuit noted in *Brault V. Social Security Administration Commissioner*, found at 683 F.3d 443, a 2012 case, therein the Second Circuit noted, this standard is demanding, more so than the clearly erroneous standard.  The Second Circuit noted in *Brault* that once there is a finding of fact, that fact can be rejected only if a reasonable fact-finder would have to conclude otherwise.

Now, on appeal Plaintiff raises two primary contentions in this proceeding.  First, Plaintiff argues that the ALJ erred by failing to either subpoena Dr. Campbell's testimony or strike her interrogatory responses from the record.  And next, the Plaintiff also contends on appeal that the ALJ failed to adequately develop the record regarding Plaintiff's mental impairments and compounded that error by finding that Plaintiff had no medically determinable mental impairments.

The Court begins its analysis and reasoning and ultimate decision as follows.  Both parties fully briefed their arguments regarding Dr. Campbell's testimony.  The governing principles and controlling case law are well-detailed in the case of *Yancey V. Apfel*, that's 145 F.3rd 106, that's a Second Circuit 1998 case; and *Rotolo V. Commissioner of Social Security*.  That case is

1   found at 6:16-CV-1252, and that is found also at 2017
2   Westlaw 6343673, and that's a Northern District New York
3   December 11, 2017, case.  The Court here will provide only a
4   brief summary of the applicable controlling case law which
5   is found in these two cases.
6           The Second Circuit has held that, quote, the right
7   to due process in a Social Security Disability hearing does
8   not require that a reporting physician be subpoenaed any
9   time a plaintiff makes such a request, end quote.  The plain
10  language of 20 CFR Section 404.950(d)(1) clearly places the
11  decision to issue a subpoena within the sound discretion of
12  the ALJ.  Therefore, a subpoena and cross-examination are
13  not required where the ALJ allows the plaintiff a, quote,
14  fair and meaningful opportunity to present her case, end of
15  quote; where there is no indication that the medical opinion
16  in question was inaccurate or biased; and, further, where
17  there is no indication that subpoenaing the medical expert
18  would have added anything of value to the proceedings.
19  Therefore, absent a need to fully develop the evidence of
20  the case, the opportunity to cross-examine a reporting
21  physician is not required.
22          To begin with, this court finds that Plaintiff did
23  have a fair and meaningful opportunity to present her case
24  and that the ALJ adequately developed the record for the
25  narrow window between the amended alleged onset date and the

date last insured.  Following remand, Plaintiff had an opportunity to present additional medical records or other evidence to establish her physical and mental functional limitations for the relevant period.  ALJ Hoffman held two hearings to allow Plaintiff to present testimonial evidence, solicit an independent medical expert opinion, and obtain vocational expert testimony.  Through her representative, Plaintiff declined the opportunity to provide written interrogatories to Dr. Campbell and confirmed that the record was otherwise complete at both the December 9, 2020 hearing and again at the May 19, 2021 hearings.

Over the course of this claim, both ALJ Hoffman and the Appeals Council recognized that there was no medical evidence in the record for the narrow period between the amended alleged onset date through the date last insured and took steps to fill in gaps in the record before, during, and after the relevant period.  After Dr. Campbell was unavailable to testify, ALJ Hoffman solicited testimony from a new independent medical expert who fully reviewed the available record and provided the only detailed opinion of Plaintiff's physical impairments during the relevant period.

Plaintiff has not alleged that Dr. Campbell's opinion was biased but does contend that it was inaccurate and that this inaccuracy impacted Dr. Dhiman's testimony and the ALJ's disability determination.  This court need not

assess the allegations regarding Dr. Campbell's accuracy because it finds no evidence that Dr. Campbell's opinion had any impact on this disability determination. Most crucially, the ALJ assigned it, that being Dr. Campbell's opinion, quote, no weight, end of quote, and the ALJ explained that the lack of cross-examination was a factor in her rejection of Dr. Campbell's opinion.

Furthermore, there is no indication that Dr. Campbell's opinion had any influence on Dr. Dhiman's testimony. Dr. Dhiman reviewed Dr. Campbell's interrogatory responses but described them as, quote, incomplete, end of quote. Although the ALJ's questions repeatedly summarized Dr. Campbell's interrogatory responses in an attempt to compare the opinions, Dr. Dhiman's testimony provided a far more detailed opinion regarding Plaintiff's ability to sit, stand, walk, and described greater exertional, postural, and environmental limitations. The only area where Dr. Dhiman and Dr. Campbell's opinion appeared to match is their conclusion that Plaintiff could perform frequent reaching and other use of her upper and lower extremities. When asked directly by Plaintiff's representative, Dr. Dhiman testified that he did not, and I repeat, testified that he did not rely on Dr. Campbell's opinion. Plaintiff has not presented any evidence to rebut that testimony by Dr. Campbell. Accordingly, this court finds no basis for

1   remand in ALJ Hoffman's discretionary determination to
2   solicit testimony from a new independent medical expert,
3   that being Dr. Dhiman, instead of issuing a subpoena for
4   Dr. Campbell's testimony or striking her interrogatory
5   responses from the record.
6           Finally, this court finds that ALJ Hoffman had
7   substantial evidence to conclude that Plaintiff had no
8   medically determinable mental impairments during the
9   relevant period.  The applicable regulations provide that a
10  physical or mental impairment must be established by
11  objective medical evidence from an acceptable medical
12  source.  The Agency "will not use your statement of
13  symptoms, a diagnosis, or a medical opinion to establish the
14  existence of an impairment."  And although the ALJ
15  recognized that Plaintiff began mental health counseling
16  with a licensed clinical social worker after the date last
17  insured, she reasonably found that such evidence did not
18  establish a medically determinable impairment for the
19  relevant period and that Plaintiff has not identified any
20  evidence that would disturb that finding.  The only counter
21  evidence cited in Plaintiff's brief are Dr. Dhiman's
22  testimony that, quote, I think she was diagnosed with
23  anxiety, depression in that relevant time period, end of
24  quote; then also the June 2011 notes from a social worker
25  that Plaintiff had been treated for depression for four

1   years; and, lastly, Plaintiff's own reference to a history
2   of depression during a 2008 evaluation for abdominal pain.
3   None of these satisfy the regulatory definition of a
4   medically determinable mental impairment for the time period
5   between the amended alleged onset date and the date last
6   insured.
7           Ultimately, ALJ Hoffman reached an RFC
8   determination drawn largely from Dr. Dhiman's testimony
9   including restrictions regarding noise and unprotected
10  heights that were not directly related to her physical
11  impairments.  This RFC determination informed ALJ Hoffman's
12  reliance on the vocational expert testimony that there were
13  jobs existing in significant numbers in the national economy
14  that Plaintiff could have performed during the relevant
15  period.  Although Plaintiff highlights evidence that may
16  support her position, as long as the ALJ's position is
17  supported by substantial evidence, which in this case it is,
18  this court must affirm the Commissioner's disability
19  determination.
20          For all these reasons and the herein analysis and
21  as a result thereof, Plaintiff's motion for judgment on the
22  pleadings is denied.  Defendant's motion for judgment on the
23  pleadings is granted.  Plaintiff's complaint is hereby
24  dismissed.  And the Commissioner's decision denying
25  plaintiff benefits is hereby affirmed.

1          That constitutes the Court's decision.
2                       - - - - -